UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOAN AVILES-VELEZ,

    Plaintiff,

v.                                                             Case No. 8:24-cv-556-SDM-SPF

LANCE MONLUX and BIA GROUP INC.,

    Defendants.
_____/

## ORDER

This cause comes before the Court upon Defendants, Lance Monlux and BIA Group Inc.'s, Motion to Compel Discovery Responses from Plaintiff, Joan Aviles-Velez (Doc. 18). Plaintiff has not responded to the motion, and the time to do so has expired. *See* L.R. 3.01(c), M.D. Fla. (party opposing motion must file response in opposition within 14 days after service). Therefore, the motion is deemed unopposed. *See Legends Collision Ctr., LLC v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-6006-ORL-31TBS, 2016 WL 3406409, at *1 (M.D. Fla. June 21, 2016) (stating that a party's failure to respond to a motion indicates the motion is unopposed). Regardless, upon consideration, Defendants' motion to compel is DENIED.

Defendants ask the Court to compel Plaintiff to respond to its First Set of Interrogatories and First Request to Produce, which were served on Plaintiff on February 9, 2024, while this case was proceeding in state court. Defendants removed this action to federal court on March 1, 2024 (Doc. 1). As explained below, the Federal Rules of Civil Procedure do not authorize a motion to compel directed to outstanding discovery served under the procedural rules of state court.

28 U.S.C. § 1450 provides, in relevant part, that "[w]henever any action is removed from a State court to a district court of the United States . . . [a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by this district court." While this may appear to support Defendants' motion, federal courts have generally declined to treat outstanding discovery requests as "proceedings" as mentioned in § 1450. *See, e.g.*, *McIntyre v. K-Mart Corp.*, 794 F.2d 1023, 1025 (5th Cir. 1986) ("An abundance of case law substantiates the notion such discovery requests do not count as 'proceedings' pursuant to 28 U.S.C. § 1450, and are thus nullified upon removal to Federal court."); *see also Wilson ex. rel. Est. of Wilson v. Gen. Tavern Corp.*, No. 05-81128 CIV RYSKAMP, 2006 WL 290490, at *1 (S.D. Fla. Feb. 2, 2006) ("Discovery served in state court becomes null and ineffective upon removal."). Further, the "removal of this action to federal court requires compliance with the Federal Rules of Civil Procedure." *Wilson*, 2006 WL 290490, at *1.

In short, Defendants are not entitled to an order compelling Plaintiff to respond to their discovery requests. In *Schutz v. Oliveras*, the court further expanded on the rationale preventing this Court from enforcing pre-removal discovery:

> In this case, unlike *Dririte* and *Wilson*, the parties have conducted their Rule 26(f) case management conference and they are now within the discovery period set forth in the Court's Case Management and Scheduling Order. Nonetheless, Plaintiff is not entitled to an order compelling Defendant to respond to discovery requests served prior to removal. Rule 37(a)(3) permits a party to enforce discovery propounded under the Federal Rules of Civil Procedure. Here, Plaintiff's discovery requests were not propounded under either Rule 33 or Rule 34 and instead were propounded under the Florida Rules of Civil Procedure. The Federal Rules of Civil Procedure do not provide this Court with authority to compel a party to respond to discovery served under state procedural rules before removal.

No. 8:19-cv-1763-T-30JSS, 2019 WL 13246972, at *2 (M.D. Fla. Oct. 15, 2019) (docket citations omitted).

Accordingly, it is hereby **ORDERED**:

Defendants, Lance Monlux and BIA Group Inc.'s, Motion to Compel Discovery Responses from Plaintiff, Joan Aviles-Velez (Doc. 18) is **DENIED**.

**ORDERED** in Tampa, Florida, on June 18, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE